## PECSOK v MILLIKIN

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10443.   Decided May 12, 1930

John H. McNeal, Cleveland, for Pecsok.
Howell, Roberts & Duncan, Cleveland, for Millikin.

SULLIVAN, J.

It apears without serious challenge, that plaintiff was acting under order of defendant who owned the estate and whose property was being used in the performance of the labor by plaintiff.  There was an answer filed denying the negligence and the defective character of the harness and when the case was submitted to the jury a special interrogatory was submitted in writing, under **11463 GC** by the defendant, and it took the following form:

"Did the bellyband, rein or any other part of the harness break, causing the horse to run away."

A special exception was taken to this charge by the use of the following language:

"The plaintiff excepts to the Court's remarks and statement to the jury with reference to the special finding of fact submitted by the defendant, and especially so as to that statement as to how to answer the same, and that they need not answer the same in the event their verdict should be for the defendant."

We think, without doubt, that this special exception covered the language of the charge with respect to the interrogatory submitted and it appears from the record that this special exception was taken before the jury retired to consider the case and return its verdict.

The claim of error as to whether there was error in the charge, we proceed to examine in connection with the interrogatory and it is as follows:

"I also want to say to you that in the event that your verdict is for the plaintiff in this lawsuit, the defendant here has made a request of the Court to have a special finding of fact, and that special finding of fact will be submitted to you.  In the event that your verdict is for the defendant, you need pay no attention to that special finding of fact, but in the event that your verdict is for the plaintiff in this action, you will award to this plaintiff damages, then you will be required to answer the question:

'Did the bellyband, rein or any other part of the harness break, causing the horse to run away?'

You must answer that question, tell what part of the harness it was that broke, and all of those who do so agree upon that fact must individually sign that special finding and return it along with your verdict for the plaintiff, and

I repeat—I think I did say that—in the event your verdict is for the defendant you do not need to answer that question."

Now it becomes necessary, in determining the question under discussion, to examine the statute which defines the duty of the court with respect to a written interrogatory. It is as follows:

"Section 11463. FINDING ON QUESTIONS OF FACT. When either party requests it, the court shall instruct the jurors, if they render a general verdict, specially to find upon particular questions of fact, to be stated in writing, and shall direct a written finding thereon. The verdict and finding must be entered on the journal and filed with the Clerk."

It is undoubtedly the duty of the court, under **Krippendorf vs Bonte, Admrx., 9 Oh. Ap. 130,** and numerous other authorities, to submit interrogatories to the jury when they are proper and pertinent to the issue. Syllabus 4 of the case just noted makes it mandatory and therefore with this interpretation of the courts and the force and effect of **11463 GC** the court submitted the charge in the language above quoted which confined the jury to answering the interrogatory in the event only that the verdict was for the plaintiff in the case. In fact the court emphasized the limitation by instructing the jury that if a verdict is found for defendant that tribunal need not pay attention to the special finding of fact in question.

Thus the question appears as to whether the plaintiff, by such a restriction in the charge, was deprived of any of his legal rights. The purpose of a written interrogatory under the statute, is to search the verdict. It is to ascertain whether the general verdict is inconsistent with the answer to the special interrogatory. In the case at bar the jury did not answer the question submitted but entirely ignored it. Had they answered the question in the affirmative then it is clear that the special finding would be contrary to the general verdict, and this legal status would have been the foundation for that right which belonged to the plaintiff to lay the foundation for error proceedings which might proceed to this or the Supreme Court. Under the instructions of the court this right and privilege was denied, because the general verdict formed no foundation for error upon this point and **11463 GC** being applicable to the situation, the court, when the special exception was taken, in our judgment could have corrected the error, follow the statute and thus have relieved the verdict from the cloud which was cast upon it to the prejudice of the plaintiff.

Under several rulings of the Supreme Court where there is more than one issue of negligence and no interrogatories are submitted to the jury, upon the return of the general verdict the party claiming error is without relief because the interrogatories are intended to search the record and if there is, under the circumstances stated, no error as to one charge of negligence, it is not to be presumed that the jury based its verdict on the issue concerning which there was a complaint of error. While this is not applicable to the case at bar because there was only one issue, and that of negligence, yet it shows the soundness of the doctrine and the danger that may follow by a refusal or neglect to charge under the statute that where a general verdict is returned the answer to the interrogatories must be filed. A general verdict for the plaintiff is no more a general verdict than a verdict for the defendant. In the absence of an interrogatory there could be no verdict excepting a general one for either party and consequently the condition of an interrogatory, to-wit, a general verdict, projects from the case and it is our judgment that it was prejudicial error to the rights of plaintiff to have instructed the jury in the manner complained of. That verdict for defendant was equivalent, it being a general verdict, to a negative answer to the interrogatory, is immaterial for the reason that the right to take exceptions carries with it the right to submit to the higher tribunals the question of error and to make a record in conformity to the proceedings and hence we think there is prejudicial error as against the rights of plaintiff as to the non-compliance of the court with **11463 GC**, with respect to the interrogatory based on a general verdict.

Counsel for defendant cites in her favor, **Hassett vs Watson, 12 Oh App. 451,** but it is our opinion, that an examination of that case supports the view we take in this discussion because we find paragraph 1 of the syllabus as follows:

"The right to have findings upon particular questions of fact, as given by **Section 11463 GC,** is mandatory only when the request contains the condition that the questions shall be answered in case a general verdict shall

be returned. Therefore a party is not entitled as a matter of right to have certain questions answered in a suit containing two causes of action when the request contained the condition that a general verdict be rendered on the second cause of action."

An analysis of the above language is to the effect that **11463 GC** is considered the guide to be followed by the courts in relation to special interrogatories. A close analysis makes it obvious that the right to have certain questions answered in a suit containing two causes of action, does not exist where the request has application to only one of the two causes of action, and if we turn to page 455 to which we are referred by counsel for defendant, we are forced to come to the same conclusion that we did by reading the syllabus because there is no other interpretation from the following language:

"In the instant case, the request was not conditioned upon the return of a general verdict, but contained the condition that a general verdict be rendered on the second cause of action. This is not within the express provisions of the statute, and the defendant was, therefore, not entitled as a matter of right to have the questions answered. The receiving of the verdict without the answers to the interrogatories was, therefore, not error."

The conclusion to be reached from a full reading of this paragraph is that the express provisions of the statute must be complied with and that there is no limitation to a special interrogatory to one side of the case where the foundation for an interrogatory is the return of a general verdict.

As to the assignment of error that the court submitted to the jury the question of unavoidable accident, it is our judgment that there is no error in this assignment for the reason that it is settled by the authorities, where, from the trial of the case, there projects from the record a logical issue not arising from the pleadings directly, it is the duty of the court to submit all aspects of the case as they exist at the close of the testimony, and if as in the case at bar and as it appears by the proof, that by a reasonable interpretation the issue of unavoidable accident appears, the court committed no error by explaining the law to the jury. The language of the court upon this issue we think is without any flaw and stated the law accurately and there-

fore upon this assignment of error we find no foundation for reversal.

Thus holding the judgment of the lower court is hereby reversed for the reasons herein noted and the cause is remanded for further proceedings according to law.

Vickery, PJ, concurs.
Levine, J., not sitting.